Filed 7/31/25  P. v. Sanders CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>PHILLIP CONRAD SANDERS,<br><br>     Defendant and Appellant. | B339931<br><br>(Los Angeles County<br>Super. Ct. No. SA004363) |

APPEAL from an order of the Superior Court of Los Angeles County, Lauren Weis Birnstein, Judge.  Affirmed.

Phillip Conrad Sanders, in pro. per.; Randy S. Kravis, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————————

Appellant Phillip Conrad Sanders appeals from an order denying his petition filed under Penal Code section 1172.6 (former section 1170.95).[1] After his appointed appellate counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 attesting he could find no arguable issues, Sanders filed a supplemental brief. Finding no error, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

### A. *Sanders Is Convicted of Murder*

In 1991, an information charged Sanders with conspiracy to commit murder, murder, and grand theft of personal property.[3] The conspiracy account alleged eight overt acts, one of which was that "Phillip Sanders did shoot and kill victim Melvin Thompson." The murder count additionally alleged the murder was committed for financial gain. In 1992, a jury convicted Sanders of both conspiracy to commit murder and murder and found true the special circumstance that the murder was committed for financial gain. Sanders appealed his conviction, and we affirmed it in *People v. Sanders* (Oct. 10, 1995, B076428) [nonpub. opn.] (*Sanders I*).

---

[1] Undesignated statutory references are to the Penal Code. Effective June 30, 2022, section 1170.95 was renumbered as 1172.6 without substantive change. (*People v. Strong* (2022) 13 Cal.5th 698, 708, fn. 2.) For clarity, we use the current statutory numbering.

[2] We limit our summary to the facts and procedural history relevant to the issues raised on appeal.

[3] The theft count was dismissed.

### B. *Sanders Petitions for Resentencing*

In January 2022, Sanders filed a form petition for resentencing under section 1172.6, checking the boxes next to the preprinted allegations stating a case for relief and requesting appointment of counsel.

In August 2022, the People filed an opposition to Sanders's petition, arguing he was ineligible for relief as a matter of law "because he either was the actual killer or had the intent to kill the victim as proven by the verdicts in this case. If the evidence did not prove beyond a reasonable doubt that Petitioner had the intent to kill, then the jury could not have found him guilty of conspiracy to commit murder. If the evidence did not prove beyond a reasonable doubt that Petitioner was either the actual killer or had the intent to kill, then the jury could not have found true the special circumstance. The Petitioner was convicted under a theory of actual malice and not 'imputed malice.' "

Attached to the People's opposition were the jury instructions from the underlying case. Included in the instructions were:

CALJIC 3.00, which provided in pertinent part: "The persons concerned in the commission of a crime who are regarded by law as principals in the crime thus committed and equally guilty thereof include: [¶] 1. Those who directly and actively commit the act constituting the crime, or [¶] 2. Those who aid and abet the commission of the crime. [¶] A person aids and abets the commission of a crime when he or she, [¶] (1) with knowledge of the unlawful purpose of the perpetrator, and [¶] (2) with the intent or purpose of committing, encouraging, or facilitating the commission of the crime, by act or advice aids, promotes, encourages or instigates the commission of the crime."

3

CALJIC 6.10, which provided in pertinent part: "A conspiracy to commit murder is an agreement entered into between two or more persons with the specific intent to agree to commit the public offense of murder, followed by an overt act committed in this state by one or more of the parties for the purpose of accomplishing the object of the agreement."

CALJIC 6.11, which provided in pertinent part: "A member of a conspiracy is not only guilty of the particular crime that to his or her knowledge his or her confederates agreed to and did commit, but is also liable for the natural and probable consequences of any crime or act of a co-conspirator to further the object of the conspiracy, even though such crime or act was not intended as a part of the agreed upon objective and even though he or she was not present at the time of the commission of such crime or act. [¶] You must determine whether a defendant is guilty as a member of a conspiracy to commit the originally agreed upon crime or crimes, and, if so, whether the crime alleged in Count 1 was perpetrated by a coconspirator in furtherance of such conspiracy and was a natural and probable consequence of the agreed upon criminal objective of such conspiracy."

CALJIC 8.10, which provided in pertinent part: "The defendants are accused in Count 2 of the Information of having committed the crime of murder, a violation of Penal Code Section 187. [¶] . . . [¶] In order to prove such crime, each of the following elements must be proved: [¶] 1. A human being was killed. [¶] 2. The killing was unlawful, and [¶] 3. The killing was done with malice aforethought."

There were no instructions on felony murder. Other than noted above (and in CALJIC 6.16[4]), there were no instructions involving "natural and probable consequences."

In July 2024, the court denied Sanders's petition, finding him ineligible for relief as a matter of law. Sanders timely appealed.

### C.   *Requests for Judicial Notice*

In January 2025, we granted the People's request to take judicial notice of the record on appeal in *Sanders I*, *supra*, B076428.

In June 2025, Sanders requested we take judicial notice of: (1) an unsigned pleading entitled "Petitioner's Reply to Respondent's Informal Response to Resentencing Petition"; and (2) the cases of *People v. Estrada* (2024) 101 Cal.App.5th 328 and *People v. Arellano* (2024) 16 Cal.5th 457. We deny his request because: (1) a signed version of the pleading is already in the appellate record; and (2) we have no need to judicially notice the case law of this state, especially when Sanders does not cite this case law in his supplemental brief.

---

[4] CALJIC 6.16 provided: "Where a conspirator commits an act which is neither in furtherance of the object of the conspiracy nor the natural and probable consequence of an attempt to attain that object, he or she alone is responsible for and is bound by that act, and no responsibility therefor attaches to any of his or her confederates."

5

## DISCUSSION

### A.  *Relevant Law*

Effective January 1, 2019, the law changed as to the "felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Sen. Bill 1437 (2017–2018 Reg. Sess.); Stats. 2018, ch. 1015, § 1, subd. (f).)  As amended, the law provides that except for first degree felony murder, "to be convicted of murder, a principal in a crime shall act with malice aforethought.  Malice shall not be imputed to a person based solely on his or her participation in a crime."  (§ 188, subd. (a)(3); *People v. Eynon* (2021) 68 Cal.App.5th 967, 974.)  In other words, "[a] person's culpability for murder must be premised upon that person's own actions and subjective mens rea."  (Stats. 2018, ch. 1015, § 1, subd. (g).)

"A person convicted of . . . murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, . . . may file a petition with the court that sentenced the petitioner to have the petitioner's murder . . . conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime . . . . [¶] (2) The petitioner was convicted of murder . . .

6

following a trial . . . . [¶] (3) The petitioner could not presently be convicted of murder . . . because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a).)

A superior court may "consider the record of conviction to determine whether 'the petitioner makes a prima facie showing that he or she is entitled to relief.' " (*People v. Lewis* (2021) 11 Cal.5th 952, 957.) Although the court " 'should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing,' " " 'if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Id.* at p. 971; see also *People v. Mares* (2024) 99 Cal.App.5th 1158, 1161 ["a trial court can properly deny a petition at the section 1172.6, subdivision (c) prima facie hearing by relying on a record of a conviction that unambiguously precludes a conclusory assertion that the petitioner could not be convicted today because an accomplice liability theory of murder was invalidated"]; *People v. Drayton* (2020) 47 Cal.App.5th 965, 968 ["trial court should accept the assertions in the [section 1172.6] petition as true unless facts in the record conclusively refute them as a matter of law"].) The "record of conviction" includes "admissible trial evidence," "the court's instructions to the jurors," and "the parties' closing arguments." (*People v. Ervin* (2021) 72 Cal.App.5th 90, 102.)

We review de novo the legal question of whether Sanders is ineligible for relief as a matter of law. (*People v. Bodely* (2023) 95 Cal.App.5th 1193, 1200.)

**B.** *Analysis*

Sanders argues the superior court erred in finding him ineligible for relief as a matter of law because the jury was instructed "that they could find Appellant guilty based on the natural probable consequences theory of imputed malice." Sanders quotes no specific instruction he contends permitted such a finding but the page in the record to which he cites contains the following instruction: "A member of a conspiracy is not only guilty of the particular crime that to his or her knowledge his or her confederates agreed to and did commit, but is also liable for the natural and probable consequences of any crime or act of a co-conspirator to further the object of the conspiracy, even though such crime or act was not intended as a part of the agreed upon objective and even though he or she was not present at the time of the commission of such crime or act." Presumably, Sanders contends that, based on this instruction, the jury could have found him guilty of murder because he was guilty "not only . . . of the particular crime that to his or her knowledge his or her confederates [in the conspiracy] agreed to and did commit," but also any other crimes that were a "natural and probable consequences" of crimes committed by the co-conspirators to "further the object of the conspiracy."

The problem with Sanders's argument is that the "object of the conspiracy" with which he was charged *was* murder. The jury self-evidently could not have found him guilty of murder as a natural and probable consequence of committing actions in furtherance of murder. (See *People v. Beck and Cruz* (2019) 8 Cal.5th 548, 645 ["Beck and Cruz were charged with conspiracy *to murder*, not conspiracy to commit a lesser crime that resulted in murder. There is thus no possibility they were found guilty of

murder on a natural and probable consequences theory"]; *People v. Medrano* (2021) 68 Cal.App.5th 177, 184 ["First degree murder was the object of the conspiracy, not the natural and probable consequence of an act committed to further the object of the conspiracy"].)[5]  Additionally, "[c]onspiracy to commit murder may be based only on express malice, i.e., an intent to kill." (*Beck and Cruz*, at p. 642.)  By finding Sanders guilty of conspiracy to commit murder, the jury necessarily found Sanders possessed an intent to kill.

Moreover, the jury convicted Sanders on a separate count of murder.  In doing so, they necessarily found he directly committed murder or aided and abetted the commission of murder.  If the jury found he committed murder, the jury

---

[5] Thus, Sanders's reliance on *People v. Curiel* (2023) 15 Cal.5th 433 is misplaced.  In *Curiel*, our high court held the defendant was not ineligible as a matter of law for section 1172.6 relief because the jury had been instructed it could find the defendant "guilty of murder under the theory of aiding and abetting [based on] natural and probable consequences" if it found "[1] the defendant is guilty of disturbing the peace or of carrying a concealed firearm by a gang member; [2] during the commission of the crime of disturbing the peace or of the crime of carrying a concealed firearm by a gang member the crime of murder was committed; and [3] under all the circumstances a reasonable person in the defendant's position would have known that the commission of murder was a natural and probable consequence of the commission of the crime of disturbing the peace or of the crime of carrying a concealed firearm by a gang member." (*Id.* at p. 446.)  Based on this instruction, "the jury was required to find only that Curiel knew that Hernandez intended to commit one of the underlying target offenses and that Curiel intended to aid him in *that* offense, not murder." (*Id.* at p. 468.)

necessarily found Sanders acted with malice aforethought. If they found he aided and abetted murder, they necessarily found he had "knowledge of the unlawful purpose of the perpetrator," and "with the intent or purpose of committing, encouraging, or facilitating the commission of the crime, by act or advice aid[ed], promote[d], encourage[d] or instigate[d] the commission of the crime." (See *People v. Gentile* (2020) 10 Cal.5th 830, 848 ["Senate Bill 1437 does not eliminate direct aiding and abetting liability for murder because a direct aider and abettor to murder must possess malice aforethought"].) In either instance, the jury found Sanders acted with malice aforethought.

Sanders failed to demonstrate he "could not presently be convicted of murder . . . because of changes to Section 188 or 189 made effective January 1, 2019." The superior court did not err in finding him ineligible for relief as a matter of law.

### DISPOSITION

The court's order is affirmed.
NOT TO BE PUBLISHED

M. KIM, J.

We concur:

BENDIX, Acting P. J.

WEINGART, J.

10